UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLEMONS,

        Petitioner,

                                                      CIVIL CASE NO. 03-CV-70712-DT
v.                                                 HONORABLE AVERN COHN

TIM LUOMA,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
## BASED ON POST-JUDGMENT CHANGE IN LAW

      Before the Court is Petitioner's "Motion for Relief from Judgment Based on Post-Judgment Change in Law," brought pursuant to Federal Rule of Civil Procedure 60(b), concerning this Court's dismissal of his habeas corpus petition on statute of limitations grounds in October, 2003. This is his second motion for relief from judgment. Petitioner asserts that the Court should reverse its prior dismissal because he was denied legal counsel on appeal and he is actually innocent (such that the limitations period should be equitably tolled). These arguments were previously raised by Petitioner and rejected by the Court, but Petitioner now relies upon the United States Supreme Court's decision *Halbert v. Michigan*, _ U.S. _ 125 S. Ct. 2582 (June 23, 2005), and the United States Court of Appeals for the Sixth Circuit's decision in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), to assert that the Court erred in concluding that his habeas petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

      Pursuant to Federal Rule of Civil Procedure 60(b), a district court will grant relief from a

1

final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Having reviewed the pleadings and pertinent case law, the Court concludes that it did not err in dismissing the habeas petition for failure to comply with the one-year statute of limitations – even in light of *Halbert* and *Jones*.

In *Halbert*, the Supreme Court held that due process and equal protection require appointment of counsel for indigent defendants convicted on pleas who seek first-tier direct review in the Michigan Court of Appeals.  *See Halbert*, 125 S. Ct. at 2590-94.  Petitioner, who was convicted following a bench trial, had counsel on direct appeal to the Michigan Court of Appeals.  His true complaint is that he was not provided counsel in his pursuit of state post-conviction collateral review and related appeals.  It is well-established, however, that there is no constitutional right to an attorney in such collateral proceedings.  *See, e.g, Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Abdus-Samad v. Bell*, _ F.3d _, 2005 WL 2036155, *16 (6th Cir. Aug. 25, 2005).  Petitioner has thus failed to establish that he is entitled to relief from judgment based upon the Supreme Court's decision in *Halbert*.

The same can be said with regard to his reliance upon *Souter*. In that case, the Sixth Circuit ruled that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter*, 395 F.3d at 588-90. Although *Souter* had not been decided at the time of the Court's prior decisions, the Court nonetheless considered Petitioner's actual innocence argument under the standard set forth in *Souter*. The Court found that Petitioner had failed to demonstrate that, in light of all the evidence, it was more likely than not that no reasonable juror would have convicted him. The Court also found that Petitioner had failed to support his allegations of constitutional error with new reliable evidence that was not presented at trial. Petitioner has failed to demonstrate that *Souter* requires a different result in this case. The Court thus concludes that Petitioner is not entitled to relief from judgment.

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED**.


Dated:  September 6, 2005

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, September 6, 2005, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160